Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3083
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Oscar Peralta, NV SBN 13559
oscar.peralta@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 S. Las Vegas Blvd., Ste. 5560
Las Vegas, NV 89101
Telephone: (702) 553-4470
Facsimile: (702) 388-5094

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> VENETIAN LAS VEGAS GAMING, LLC, AND VENETIAN LAS VEGAS MARKETING, INC., <br><br> Defendants. | Case No.: <br><br> **COMPLAINT – TITLE VII CIVIL RIGHTS** <br> • **Religious Discrimination** <br> • **Retaliation** <br> • **Discharge/Constructive Discharge** <br><br> **JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on religion to provide appropriate relief to a class of aggrieved individuals. As set forth with greater particularity below, Plaintiff alleges that since at least 2016, Defendants Venetian Las Vegas Gaming, LLC (successor company to Venetian Casino Resort, LLC) and Venetian Las Vegas Marketing, Inc. (collectively hereinafter "Defendants"), via their predecessors in interest, unlawfully discriminated against a class of individuals based on religion, including but not limited to refusing to accommodate their sincerely-held religious beliefs, and subjecting them to discrimination in different terms and conditions resulting in an adverse action, including discipline, suspension, discharge, and/or constructive discharge in violation of Title VII. Plaintiff further alleges that since at least 2016, Defendants subjected a class of individuals to retaliation after opposing religious discrimination in violation of Title VII and/or engaging in a protected activity.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

**PARTIES**

4.      Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Defendants are Venetian Las Vegas Gaming, LLC (successor company to Venetian Casino Resort, LLC) and Venetian Las Vegas Marketing, Inc. (collectively hereinafter "Defendants"). The Defendants represent that the named entities (i) are the current employers of the Employees formerly employed by Venetian Casino Resort, LLC and/or Venetian Marketing, Inc. following the sale of the Las Vegas-based operations of Las Vegas Sands Corp. (including The Venetian Resort Las Vegas) and the transfer of the employment of such employees in connection with a Purchase and Sale Agreement dated as of March 2, 2021, and (ii) are the appropriate entities to implement and carry out the monetary and injunctive relief obligations under the Consent Decree. The EEOC has relied upon this representation.

6.      At all relevant times, Defendants have continuously been doing business in the State of Nevada, Clark County and have continuously had at least fifteen (15) employees.

7.      At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

8.      In each calendar year from 2018 through the present, Defendants have continuously collectively employed approximately 8,000 employees.

9.      All acts and failures to act alleged herein were duly performed by and attributable to all Defendant(s), each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said

EEOC'S COMPLAINT

acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved, and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## ADMINISTRATIVE PROCEDURES

10.     More than thirty days prior to the institution of this lawsuit, two Charging Parties filed charge(s) of discrimination with the Commission alleging violations of Title VII by Defendants.

11.     Defendants received a copy of the charge(s) of discrimination filed by the Charging Parties, and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

12.     On September 2, 2022, the Commission issued Letters of Determination to Defendants, finding reasonable cause to believe that Defendants violated Title VII with respect to the Charging Parties and class of aggrieved individuals. The Commission further invited Defendants to join with it in informal methods of conciliation in a collective effort towards a just resolution.

13.     The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letters of Determination on terms acceptable to the Commission.

14.     The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

15.     On or about May 17, 2023, the Commission issued to Defendants Notices of Failure of Conciliation advising Defendants that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

16.   All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### Religious Accommodation

17.   Since at least 2016, Defendants have engaged in unlawful employment practices in violation of Sections 701(j) and 703(a) of Title VII, 42 U.S.C. §2000e (j) and §2000e-2(a), by failing to accommodate the sincerely-held religious beliefs of a class of individuals, resulting in different terms and conditions and/or adverse employment actions including denial of promotional opportunities, discipline, suspension, discharge and/or constructive discharge. The aggrieved individuals belonged to diverse faiths, including but not limited to, Orthodox Christianity, Catholicism, Judaism, Jehovah's Witnesses, and Buddhism.

### Retaliation

18.   Defendants have also engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), by subjecting a class of aggrieved individuals to retaliation after opposing religious discrimination and/or participating in a protected activity resulting in an adverse action.

### Discharge/Constructive Discharge

19.   Defendants' unlawful practices also included subjecting a class of individuals to discharge and/or constructive discharge in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a). As a result of unlawful actions by Defendants, various members of the class of aggrieved individuals could no longer reasonably tolerate the working conditions and were forced to quit and/or were discharged.

20.   The effect of the practices complained of above has been to deprive the class of aggrieved individuals of equal employment opportunities and otherwise adversely affect their working conditions because of religion.

21.   The unlawful employment practices complained of above were intentional.

EEOC'S COMPLAINT

22.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and class of aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with Defendants, from engaging in any unlawful employment practices on the basis of religion and from retaliating against employees who engage in protected activities under Title VII.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to employees who need accommodation for their sincerely-held religious beliefs, observances, or practices, and which eradicate the effects of their past and present unlawful employment practices.

C.    Order Defendants to implement non-discriminatory objectives, written policies, and practices that provide equal employment opportunities for employees of all religions, and which eradicate the effects of their past and present unlawful employment practices.

D.    Order Defendants to make the class of aggrieved individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to back pay.

E.    Order Defendants to make the class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

EEOC'S COMPLAINT

F.      Order Defendants to make the class of aggrieved individuals whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by the Claimants and other adversely affected individuals which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

G.      Order Defendants to pay the class of aggrieved individuals punitive damages, pursuant to Title VII, for their malicious or reckless conduct as described above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  June 26      , 2025          Respectfully Submitted,

ANDREW ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By:   _____
ANNA PARK
Regional Attorney
Los Angeles District Office

6

EEOC'S COMPLAINT