**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No. 2:25-cv-01148-APG-BNW |
| Plaintiff, | ) |
| vs. | ) **CONSENT DECREE AND ORDER** |
| VENETIAN LAS VEGAS GAMING, LLC, AND VENETIAN LAS VEGAS MARKETING, INC., | ) |
| Defendants. | ) |

## I.

## INTRODUCTION

Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") and Defendants Venetian Las Vegas Gaming, LLC (successor company to Venetian Casino Resort, LLC), and Venetian Las Vegas Marketing, Inc. (collectively referred to herein as "Defendants") agree to the entry of this Consent Decree to resolve the EEOC's Complaint in the above-captioned Action, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e et seq. ("Title VII").

The EEOC's Complaint alleges that Defendants and/or their predecessor companies are liable for unlawfully discriminating against a class of employees

("Claimants") on the basis of religion in violation of Sections 701 (j) and 703(a) Title VII. More specifically, it alleges that Defendants failed to accommodate Claimants' sincerely-held religious beliefs, and subjected Claimants to discipline, suspension, discharge, and/or constructive discharge. The Commission also alleged that Defendants subjected Claimants to adverse employment actions in retaliation for having engaged in protected activity in violation of Section 704(a) of Title VII.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against each of the Defendants, their successors, and assigns, as specified herein. The scope of the Decree applies to any and all operations and employees of the Defendants, without exception.

B.    The Parties have entered into the Decree for the following purposes:

1.    To resolve the allegations in the EEOC's Complaint without the time and expense of litigation;

2.    To formulate a plan to be embodied in this Decree which will promote and effectuate the anti-discrimination and anti-retaliation provisions of the laws enforced by the Commission;

3.    To provide appropriate monetary and injunctive relief;

4.    To provide a final and binding resolution upon the Parties as to all claims alleged in the EEOC's Complaint in this Action;

5.    To ensure that Defendants implement appropriate measures to provide a work environment that is free from religious discrimination and retaliation;

6.    To ensure that Defendants implement effective policies, complaint procedures, and training with respect to federal laws prohibiting discrimination and harassment based on religion and retaliation;

<u>EXECUTION COPY</u>

7.     To ensure that Defendants maintain effective policies, complaint procedures, and training with respect to federal laws prohibiting religious discrimination and retaliation.

8.     To avoid costs incident to this litigation. The parties acknowledge that this resolution was negotiated in good faith and at arms-length to avoid the cost of litigation.

C.     Defendants continue to deny that they engaged in any discrimination, retaliation, unlawful conduct or any wrongdoing, and this Decree shall not be construed as an admission by Defendants of any wrongdoing or liability.

## III.
## RELEASE OF CLAIMS

A.     This Decree fully and completely resolves between Defendant and the EEOC all claims that are raised by the EEOC against Defendant in the Complaint filed in the United States District Court, District of Nevada and captioned <u>U.S. Equal Employment Opportunity Commission v. Venetian Las Vegas Gaming, LLC, et. al.</u>, Civil Case No. 2:25-cv-01148 and EEOC Charge Nos. 487-2019-01116; and 487-2019-01118.

B.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any Defendant fails to perform the promises and representations contained herein.

C.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

D.     This Decree in no way affects the EEOC's right to bring, investigate, or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IV.

### EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.    Except as otherwise provided here, the Decree shall remain in effect for three (3) years after the Effective Date.

## V.

### MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect, unless the purposes of the Decree cannot be achieved despite the Parties' reasonable efforts.

C.    By mutual agreement of the Parties, and subject to Court approval, this Decree may be amended or modified in writing in the interests of justice and fairness to effectuate the provisions of this Decree.

## VI.

### JURISDICTION

A.    This Court has jurisdiction over the Parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree. The terms and provisions of this Decree are fair, adequate, and reasonable. This Decree conforms with the Federal Rules of

Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

B.      The Defendants represent that the named entities (i) are the current employers of the Business Employees formerly employed by Venetian Casino Resort, LLC and/or Venetian Marketing, Inc. following the sale of the Las Vegas-based operations of Las Vegas Sands Corp. (including The Venetian Resort Las Vegas) and the transfer of the employment of such employees in connection with a Purchase and Sale Agreement dated as of March 2, 2021, and (ii) are the appropriate entities to implement and carry out the monetary and injunctive relief obligations under this Decree. The EEOC has relied upon this representation in good faith to carry out the letter and spirit of this Decree.

C.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of monitoring and entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## VII.
## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may petition or may bring an action before this Court to enforce the Decree. Prior to initiating such petition or action, the EEOC will notify Defendants' legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes has/have been breached. Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have thirty (30) days from receipt of the EEOC's notice of the alleged breach to attempt to resolve or cure the breach.

B.      The Parties agree to cooperate with each other and use reasonable efforts to resolve any dispute referenced in the EEOC notice.

C.      After thirty (30) days have passed with no resolution or agreement to extend the time further, the EEOC may petition or bring an action before this Court for compliance with this Decree. The EEOC may seek all available relief, including, but not limited to, an extension of the terms of the Decree.

## VIII.
## MONETARY RELIEF

A.      Establishing the Class Fund

1.      In settlement of this lawsuit, Defendants shall pay a total gross sum of Eight Hundred Fifty Thousand Dollars ($850,000.00) in monetary relief ("Class Fund"). Within thirty (30) days of the Effective Date of this Decree, Defendants shall deposit the Class Fund into an escrow account and provide the EEOC with written verification of the funding within ten (10) days of the deposit.

2.      The Class Fund shall be used to make payments to the Charging Parties and eligible Claimants identified by the EEOC before or after the Effective Date. The EEOC has sole discretion to determine who is an eligible Claimant and the amounts to be distributed to Charging Party and each eligible Claimant from the Class Fund.

3.      The EEOC shall determine who is eligible to be a Claimant based on the EEOC's assessment of their facts and damages under Title VII. Defendants agree that the EEOC's determination of these issues is final; prior to making any such final determination, Defendants will have an opportunity to provide input, if any, to the EEOC.

B.      Claims Administrator

Within thirty (30) days of the Effective Date, Defendants shall hire and appoint a specific qualified individual or organization ("Claims Administrator"), to be approved by the EEOC (such approval not to be unreasonably withheld), to oversee the Claims Process. If the Claims Administrator initially appointed

thereafter declines to serve or to carry out its duties under this Decree, Defendants shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator. Defendants shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

B.    Claims Process

1.    *List of Potential Claimants.*  Within thirty (30) days of the Effective Date, Defendants shall forward to the EEOC the name, last known mailing address, phone number, and email address, and dates of employment for each current or former employee who made a request for religious accommodation at any point between January 2018 and the Effective Date ("List of Potential Claimants").

2.    *Claims Notice.*  Within forty-five (45) days of the Effective Date, the EEOC shall send a Claims Notice, via electronic and U.S. mail to the individuals included on the List of Potential Claimants. The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire. The Claims Notice shall provide phone and email contact information for the EEOC and explain how Potential Claimants can request a copy of the Claims Questionnaire.  The Parties will work together such that Defendants will be provided an opportunity to review the Claims Notice and provide comments, with such comments subject to final approval by EEOC; but for avoidance of doubt, the EEOC makes the final decision.

3.    *Claims Questionnaire.*  Potential Claimants shall fill out a Claims Questionnaire, created by the EEOC which shall include phone, mail and email contact information for the EEOC and shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire. The Parties will work together such that Defendants will be provided an opportunity to review the Claims Questionnaire and provide comments, with such comments subject to final

approval by EEOC; but for avoidance of doubt, the EEOC makes the final decision.

D.    Claims Distribution Procedure

1.    *Distribution List.*  Defendants shall receive from EEOC one or more lists of the Claimants by name, their current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution List"). All funds remaining at the expiration of this Decree shall be distributed according to a final Distribution List provided by the EEOC. Within fifteen (15) days of the EEOC providing a Distribution List to Defendants, Defendants shall direct the escrow agent to send via certified mail a check for the full amount specified by the EEOC to each eligible Claimant. Within seven (7) days of issuance of settlement checks, Defendants shall submit copies and any related correspondence to the EEOC.

2.    *Characterization of Payments.*  The EEOC has the sole discretion to characterize the monetary relief amount to each Claimant as wage or non-wage compensation. The EEOC shall make the determination of the characterization of the relief as wages and/or non-wage compensation.  Defendants shall issue a Form 1099 to each Claimant in the amount of their non-wage monetary relief, and Defendants shall issue a Form W-2 to each Claimant in the amount of their wage monetary relief, less applicable withholdings and required deductions, after such Claimant provides Defendant with Internal Revenue Service ("IRS") Form W-9. No tax withholdings shall be made from the non-wage portion of monetary relief. If the EEOC designates monetary relief as wages, Defendants shall issue an IRS Form W-2 to each applicable Claimant. Defendants shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Claimants. Defendants shall make all appropriate reports to the IRS and other tax authorities. Within ten (10) days of issuance of the aforementioned

tax forms, Defendants shall submit copies and any related correspondence to the EEOC. Claimants shall be solely and personally responsible for their compliance with all applicable federal, state, and local tax requirements for any payments made pursuant to this Decree, including with respect to any and all tax withholdings, deductions, or payments if any taxing authority subsequently determines that Defendants should have deducted, withheld or paid certain amounts for taxes from the amounts paid on a 1099 basis, with the exception of Defendants' employer portion of any payroll taxes that would have been due had the amounts been characterized by the EEOC as wages. For the avoidance of doubt, any monetary relief received by a Claimant does not, in any way, impact the seniority, title or future pay of such Claimant.

3.    *Non-Negotiated Checks.*  On a quarterly basis throughout the duration of this Decree, Defendants shall provide the EEOC with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution. Defendants shall reissue checks if necessary.

4.    *Remaining Funds.*  On a quarterly basis throughout the duration of this Decree, Defendants will notify the EEOC of the remaining amount available out of the gross sum.

## IX.

## CLAIMANT-SPECIFIC INJUNCTIVE RELIEF

A.    References and Employment Records for Claimants

Within ten (10) days of receipt of a Distribution List, Defendants shall:

1.    Remove from Defendants' files any reference to their participation in this Action or documents jointly determined by the EEOC and Defendants as being covered by this section. The EEOC will notify the Defendant of the specific documents it contends constitute protected activity and may request documents from Defendants reasonably related to specific eligible Claimants;

2.    To the extent that Defendants must keep records in order to effectuate this Decree, such records must be maintained separately from Defendants' employment records;

3.    Refrain from providing negative references about any Claimant, and direct all reference inquiries to a Human Resources ("HR") representative, who will provide a neutral employment reference, limited to verifying whether a Claimant was employed by Defendants, the last position in which the Claimant was employed, and the duration of employment with Defendants;

4.    To the extent that a Claimant continues to work for Defendants, ensure that the Claimant does not suffer discrimination, harassment, or retaliation of any kind; and

5.    Ensure that Claimants are not prohibited from re-employment with Defendants as a result of their participation in this Action, except for based upon a legitimate, non-discriminatory reason).

B.    Miscellaneous

1.    The Parties will discuss victim specific relief, including granting a religious accommodation, modification of a religious accommodation that was granted, and/or relief to remedy an alleged delay in employment benefits (if any) due to alleged failure to accommodate an employee's religious request.  The EEOC will notify Defendants of any eligible Claimant whom the EEOC believes to be entitled to victim specific relief and the specific remedy sought for such eligible Claimant.  Within thirty (30) days of such notification, Defendants will provide information to the EEOC (as may be requested) reasonably related to such eligible Claimant including relevant employment records and information.  The Parties will discuss in good faith feasible remedies to address any victim specific relief for each eligible Claimant, including granting an accommodation, modifying an accommodation, or other feasible relief appropriate for such eligible Claimant, also taking into account factors such as the timeliness of any alleged failure to

accommodate and any evidence supporting such allegation.  In the event of a failure to reach a resolution after working in good faith to do so, counsel for the Parties may submit such impasse to the Monitor for assessment and recommendation on appropriate next steps.

## X.

## GENERAL INJUNCTIVE RELIEF

A.    Non-Discrimination

Defendants, their agents, successors and assigns, or any of them are enjoined for the duration of the Decree from engaging in the following employment practices in violation of Title VII, as amended:

1.    Failing to provide religious accommodation to job applicant(s) or employee(s);

2.    Denying equal employment opportunities to job applicant(s) or employee(s) on the basis of religion;

3.    Subjecting job applicant(s) and/or employee(s) to any action, policy or practice that is intended or have the effect of discriminating against or harassing any employee on the basis of religion, including failing to promote, assigning jobs, and terms and conditions of employment; and

4.    Discriminating against any job applicant(s) and/or employee(s) on the basis of religion.

B.    Non-Retaliation

Defendants, their agents, successors and assigns, are enjoined from engaging in, implementing, or permitting any action, policy, or practice with the purpose or effect of retaliating against any current or former employee or applicant of the Defendants because such employee or applicant has in the past, or during the term of this Decree:

1.    Opposed any practice made unlawful under Title VII related to religious discrimination;

2.      Filed a charge of discrimination alleging religious discrimination;

3.      Testified or participated in any manner in any investigation including, without limitation, any internal investigation undertaken by Defendants—or proceeding in connection with this case or relating to any claim of religious discrimination in violation of Title VII;

4.      Been identified as a possible witness or claimant in this Action;

5.      Asserted any rights under this Decree; or

6.      Sought and/or received any relief in accordance with this Decree.

# XI.

## SPECIFIC INJUNCTIVE RELIEF

A.      <u>Equal Employment Opportunity Monitor</u>

Within thirty (30) days of the Effective Date of this Decree, Defendants shall retain a third-party Equal Opportunity Monitor ("Monitor"), to be approved by EEOC (such approval not to be unreasonably withheld), with demonstrated experience in the areas of preventing and combatting religious discrimination, and preferably who is bilingual in Spanish and English. The Monitor shall have access to documents and employees and shall monitor Defendants' compliance with Title VII and the provisions of this Decree. Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties. The Monitor's responsibilities shall include:

1.      Conducting audits under Section XI.D, to determine whether religious discrimination or retaliation exists in Defendants' workplace;

2.      Assisting Defendants with monitoring the Accommodation Log under Section XI.C, specifically with regard to documentation and processing of requested accommodations and that accommodations are in compliance with Title VII and this Decree

3.    Assisting Defendants with the development and implementation of a training curriculum under Section XI.G;

4.    At least quarterly through the term of the Decree, reviewing the Complaint Log and underlying documentation for complaints of religious discrimination or retaliation, and reporting findings to the EEOC in the semi-annual report;

5.    Ensuring that Charging Party and Claimants' employment opportunities are not adversely impacted by their participation in this Action. This responsibility shall require the Monitor to contact each individual at least semi-annually for the first year and annually thereafter during the terms of the Decree. At the first contact with each individual, the Monitor shall express its availability to the Claimant to directly accept and review any claims of discrimination or retaliation regarding the individual's participation in this Action.

6.    Preparing an annual report and exit report to the EEOC on Defendants' progress and compliance under this Decree pursuant to Section XII.B;

B.    Complaint Log

Within thirty (30) days of the Effective Date, Defendants shall establish a Complaint Log, in consultation with the Monitor, for centralized tracking of all formal and informal complaints regarding religious discrimination or retaliation and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of individual(s), and shall contain, for each complaint or investigation of religious discrimination or retaliation, at least the following information:

(a) full name, home address, and home telephone number and cell phone number (as applicable) of each complainant and potential aggrieved individual;

(b) full name, home address, and telephone number and cell phone number (as applicable) of any persons allegedly involved in alleged incidents of discrimination or retaliation;

(c) a description of how Defendants learned of the complaint, including whether the complaint was first made to a human resources employee or supervisory employee, or via a website for reporting complaints of discrimination (including religious) or retaliation ("Hotline/ORM"), and the date the complaint was reported to Defendants' Human Resources department;

(d) date each complaint was made;

(e) date each investigation began and was completed;

(f) type of discrimination or retaliation complained of, reported, or investigated;

(g) type of alleged adverse employment action complained of (e.g., alleged "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

(h) name and title of person(s) who conducted each investigation;

(i) description of action taken in response to the charge, complaint, report, or investigation;

(j) resolution, or decision made, regarding each complaint made and each investigation conducted; and

(k) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendants shall maintain the database throughout the duration of this Decree and shall produce a copy of it to EEOC within ten (10) days of receiving EEOC's request (or as soon thereafter as practicable).

C.    Accommodation Log

Within thirty (30) days of the Effective Date, Defendants shall establish an Accommodation Log, in consultation with the Monitor, for centralized tracking of all formal and informal requests for religious accommodation and the monitoring of such requests to prevent retaliation. This system shall be searchable by name of

individual(s), and shall contain, for each request of religious accommodation, at least the following information:

(a) full name, home address, and home telephone number and cell phone number (as applicable) of each requestor;

(b) a description of how Defendants learned of the request, including whether the request was first made to a human resources employee or supervisory employee, or via the Hotline/ORM, and the date the request was forwarded to Defendants' Human Resources department;

(c) date each request was made;

(d) the specific accommodation(s) being requested;

(e) the religious belief(s) on which the request is based;

(f) the resolution, or decision made, regarding each request;

(g) the rationale of any decision to deny a request;

(h) the name and title of person(s) who reviewed and issued a decision on the request;

(i) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendants shall maintain the database throughout the duration of this Decree and shall produce a copy of it to EEOC within ten (10) days of receiving EEOC's request (or as soon thereafter as practicable).

D.    EEO Compliance Audits

1.    *Complaint Audits.*

a.    New Complaints/Accommodation Requests.  The Monitor shall review the Complaint Log described in Section XI.B on a quarterly basis, at a minimum, and report back in the semi-annual report regarding Defendants' implementation of the Complaint Log and Accommodation Log. The Monitor shall have access to all records and call logs regarding requests for religious accommodation and/or complaints of religious discrimination or retaliation, and

shall have access to employees, if necessary, to conduct interviews with employees of the Monitor's choosing. The Monitor shall, at a minimum, review all such requests and complaints and the associated handling of such requests, as well as any investigative actions taken with respect to such complaints where the allegations involve religious discrimination or retaliation. The Monitor shall assess whether Defendants have responded to these complaints by conducting a prompt, thorough, and impartial investigation and whether Defendants have granted reasonable accommodations in response to requests and report back to the EEOC in its semi-annual report.

      2.   *Audit Reports.*  The results of all audits and complaint reviews shall be submitted to the EEOC in the semi-annual report set forth below. The Monitor's semi-annual report shall include assessments and recommendations for remedying all identified issues with religious discrimination or retaliation.

E.   <u>Policies and Procedures</u>

      1.   *Scope*. Defendants shall implement the policies set out in Section XI.E and XI.F to apply to all employees.

      2.   *Revision of Policies and Procedures*

      Within sixty (60) days of the Effective Date, Defendants with the Monitor's assistance, shall review and revise its policies and procedures against religious discrimination and retaliation prohibited by Title VII. Within thirty (30) days thereafter, Defendants shall provide the EEOC with a copy of its revised Policies and Procedures.

      The revised Policies and Procedures shall be written in a clear, easy to understand style and format, in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request) and be written at a middle-school reading level, and printed in legible font size of no less than 12-point font.

At all times, the revised Policies and Procedures shall, at a minimum, include:

      a.     A strong and clear commitment to a workplace free of religious discrimination or retaliation;

      b.     A clear explanation regarding Defendants' obligation to provide religious accommodation to job applicants and employees under Title VII;

      c.     A clear explanation of the procedures for requesting a religious accommodation;

      d.     A clear explanation of prohibited conduct, including discriminating against job applicants and employees based on religion;

      e.     A clear explanation of the procedures for filing a complaint of discrimination and/or retaliation;

      f.     Assurance that employees who request a religious accommodation, make complaints of discrimination, or provide information related to such complaints are protected against retaliation;

      g.     Assurance that Defendants will take prompt and appropriate corrective action when it determines that discrimination and/or retaliation has occurred; and

      h.     An Internal Complaint Procedure, as described in Section XI.F.

Defendants shall submit to EEOC any revisions to Policies and Procedures to prevent and correct religious discrimination and retaliation thirty (30) days prior to the proposed change.

3. *Distribution of Revised Policies and Procedures*

If the EEOC does not provide comment within thirty (30) days of receipt, Defendants shall distribute their revised Policies and Procedures to all employees within ninety (90) days of the Effective Date by (a) posting copies in clearly visible areas within Defendants' worksites; and (b) providing copies to each current employee by mailing a paper copy to his or her personal mailing address or sending an electronic copy to his or her personal email address. Defendants shall distribute their revised Policies and Procedures to their employees in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request). For employees hired after the Effective Date, Defendants shall disseminate this information within thirty (30) days of their hire date. Each employee shall sign a form acknowledging receipt of the revised Policies and Procedures. The revised Policies and Procedures shall be disseminated via electronic mail on a semi-annual basis. On a semi-annual basis throughout the term of the Decree, Defendants shall provide a statement confirming distribution of the revised Policies and Procedures to all employees.

F.   Internal Complaint Procedure

The Internal Complaint Procedure shall be written in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request) and shall incorporate the following elements:

1. A statement encouraging employees to ask questions, share concerns and provide information about potential discrimination or retaliation to Defendants, such as by (a) informally sharing information with the Human Resources Department, or (b) participating candidly in investigations of potential discrimination, harassment, or retaliation;

2. A clearly described process for submitting complaints of religious

discrimination that includes multiple avenues for employees to lodge complaints of discrimination or retaliation verbally or in writing, including (a) a direct toll-free phone number and email address for Defendants' HR Department; (b) a toll-free complaint hotline or online reporting mechanism that Defendants will track (Section XI.J); and (c) notifying *any* supervisory employee or HR representative;

3.    A clearly described process for a prompt, thorough, and impartial investigation of all complaints of religious discrimination or retaliation by Defendants, including (a) interviewing all relevant witnesses; (b) review of all relevant evidence; and (c) creation of written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and which include all complaints, notes of interviews, and other relevant evidence;

4.    Assurance that the confidentiality of the complaint, complainant, and investigation shall be maintained to the fullest extent possible by Defendants;

5.    Tracking and collection of all complaints of religious discrimination and retaliation in the Complaint Log;

6.    Resolution of all complaints of religious discrimination and retaliation by Defendants in a timely and effective manner;

7.    A clear explanation of Defendants' duty to conduct a follow-up meeting with the employee to evaluate the continued effectiveness of any step taken to remedy any religious discrimination;

8.    An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of religious discrimination or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination. The procedures shall provide contact information for EEOC and state and local Fair Employment Practice ("FEP") agencies; and

9.    Publication of the EEOC complaint line of (800) 669-4000.

The Monitor shall review the Defendants' application of the internal

complaint procedure by monitoring complaints made by employees regarding race harassment, discrimination or retaliation.

G.    Training

    1.    **Human Resources/Supervisory Employees**

With the assistance of the Monitor, all of Defendants' human resources personnel with any responsibility for handling discrimination and/or retaliation complaints and supervisory personnel shall complete an anti-discrimination and anti-retaliation training program, of at least two (2) hours in duration. This training shall occur as part of their annual compliance training. At a minimum, a dedicated component of such training shall include instruction regarding:

    a.    Defendants' responsibilities and requirements under Title VII;

    b.    Making objective hiring, promotion, job assignments, and other employment decisions that are not based on religion or religious stereotype;

    c.    Proper procedures for making a request for reasonable accommodation;

    d.    Proper handling of requests for reasonable accommodation and engaging in an adequate accommodation review process and how to engage in the interactive process with employees;

    e.    Proper handling of discrimination complaints and conducting an adequate investigation in response;

    f.    A review of Defendants' revised equal employment policies and practices consistent with this Decree;

    e.    Testing of the concepts taught in the training; and

    f.    Information about how to contact appropriate personnel in the event of any questions.

    2.    **Non-Supervisory Employees**

With the assistance of the Monitor, all of Defendants' non-supervisory employees shall complete an anti-discrimination and anti-retaliation training program of at least one (1) hour in duration. This training shall occur as part of their annual compliance training. At a minimum, a dedicated component of such training shall include instruction regarding:

    a.    Defendants' responsibilities and requirements under Title VII;

    b.    Proper procedures for making a request for reasonable religious accommodation;

    c.    Proper procedures for making complaints of discrimination and/or retaliation and an overview of the interactive process;

    d.    A review of Defendants' revised equal employment policies and practices consistent with this Decree;

    e.    Testing of the concepts taught in the training; and

    f.    Information about how to contact appropriate personnel in the event of any questions.

    3.    All employees later hired or promoted to such a position (or out on a leave of absence) shall receive the same training (or an electronic/video version of such training, with ability to ask questions afterwards to HR or submit via email) within ninety (90) days of his/her hire or promotion (or return from leave of absence) for the term of this Decree.

    4.    After the initial training as specified above is completed, all such employees working shall receive such training at least annually thereafter for the remainder of the term of this Decree.

    5.    All such employees shall verify their attendance at such training in writing (for avoidance of doubt, computerized and/or digital records shall be sufficient for such writing).

6.    Defendants shall give the EEOC a minimum of ten (10) days' advance notice of the training materials, date, time, and location of each training session.

H.   <u>Posting of Notice</u>

Within ten (10) business days after the Effective Date, and throughout the term of this Decree, Defendant shall post at all of its facilities, the Notice (attached as **Exhibit "A")** of the terms of this Decree in a clearly visible location frequented by employees at that facility. The Notice shall be printed in legible font and posted in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request) . If the Notice becomes defaced or illegible, Defendants shall replace it with a clean copy immediately.

J.   <u>24-hour Complaint Reporting Mechanism</u>

Within thirty (30) days of the Effective Date, Defendants shall confirm that they operate either a Hotline or ORM, previously defined as an online reporting mechanism, such as a website for reporting complaints of religious discrimination or retaliation, previously defined as "Hotline/ORM". Defendants shall ensure dissemination of information about the Hotline/ORM to all employees on a semi-annual basis in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request) . The Hotline/ORM shall be given to all new employees and it shall be made clear that the Hotline/ORM is accessible online and via telephone, 24-hours per day and is available in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request).

The Hotline/ORM shall operate seven days per week, 24 hours per day. Defendants, with the help of the Monitor, shall ensure that all Hotline/ORM

inquiries and response times are tracked and logged. Once a complaint is received, Defendants will contact the complainant within 24 hours, and then follow the Internal Complaint Procedure in Section XI.F. The Monitor shall review and evaluate Defendants' effectiveness and responsiveness to each Hotline/ORM complaint.

Defendants shall distribute information regarding the Hotline/ORM to all employees, including management, supervisory, and Human Resources employees, within thirty (30) days by sending an electronic copy to their personal email addresses. Defendants shall provide the Hotline/ORM to employees hired after the Effective Date within five (5) business days of their hiring date. Defendants shall have each employee sign a form acknowledging receipt, which shall be written in English and Spanish (and to the extent appropriate consistent with their current practices, with translation services in other non-English or Spanish speaking employees in their preferred language upon request). The Hotline/ORM Flyer shall be disseminated via electronic mail on a semi-annual basis.

## XII.
### RECORD KEEPING AND REPORTING

A.  <u>Document Preservation</u>

For the duration of the Decree, Defendants shall maintain such records as are necessary to demonstrate their compliance with this Decree, including but not limited:

1. Documents generated in connection with any request for religious accommodation and resolution of such request for the duration of the Decree;

2. Documents generated in connection with any religious discrimination and/or retaliation complaint, any investigation into such complaint, and resolution of such complaint for the duration of the Decree;

3.      Documents acknowledging each employee's receipt of the revised policy and complaint procedure against discrimination and retaliation;

4.      A copy of all equal employment policies and procedures as required under this Decree; and

5.      A copy of all training materials used in connection with the training required under this Decree.

B.    Initial Reports

1.      Within thirty (30) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming that the notice (Exhibit A) described in Section XI.I. has been posted.

2.      Within forty-five (45) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the Policies described in Sections XI.E and XI.F.

3.      Within sixty (60) days of the Effective Date, Defendants shall submit to the EEOC a statement confirming the distribution of the revised Policy described in Section XI.E and XI.F.

4.      Within thirty (30) days after hiring the Monitor, Defendants shall submit to the EEOC the training materials required in Section XI.G. This includes a copy of all the materials and resources to be presented and distributed at each training and the identities of the trainers.

C.    Reports from the Monitor Regarding Audits

During the duration of this Decree, the Monitor shall conduct annual audits regarding Defendants' compliance with this Decree and its employment practices. The first audit shall occur on or about one-hundred and twenty (120) days after the Effective Date of this Decree. These audits shall be conducted on no less than three (3) business days' notice to Defendants. The Monitor's audits shall verify the following:

EXECUTION COPY

1.     Defendants' record-keeping practices are in compliance with this Decree;

2.     Defendants' response to all requests for religious accommodation were properly handled under Title VII and in compliance with this Decree;

3.     Defendants' response to all religious discrimination and retaliation complaints were properly handled under Title VII and in compliance with this Decree;

4.     A review of training materials, and assessment of the effectiveness of training;

5.     A review of Defendants' equal employment opportunity policies and procedures, and assessment of the effectiveness of such written policies.

Within thirty (30) days after each audit, the Monitor shall provide a written report to the EEOC regarding his/her findings. This report shall include all information and documents relating to Defendants' response to requests for religious accommodation, complaint of religious discrimination, and complaints of retaliation. This includes the identity and job title of the persons involved in the accommodation or complaint process, the steps taken in response to the request for reasonable accommodation or complaint, the rationale for the ultimate decision, and all documentary evidence pertaining to the request for religious accommodation, religious discrimination complaint, or retaliation complaint.

D.     Annual Reports

For the entire duration of the Decree, Defendants shall provide the EEOC with annual written reports no later than the anniversary date of the Effective Date of this Decree. The subsequent annual reports shall include verification of the following:

1.     Defendants' equal employment and accommodation policies and practices comply with Title VII and this Decree;

2.      Defendants have refrained from engaging in practices which subject job applicants and/or employees to religious discrimination and/or retaliation in violation of Title VII and this Decree;

3.      All live training sessions required under this Decree during the prior twelve months have occurred;

4.      All employees required to attend a live training session under this Decree during the prior twelve months received the required training;

5.      A statement confirming that the Policy described in Sections XI.C and XI.D were distributed to all employees hired after the initial distribution, but within the term of the Decree;

6.      A report of all religion- or retaliation-related discrimination complaints and of all requests for religious accommodation made since the submission of the immediately preceding report. This report shall include copies of (a) the Complaint Log described in Section XI.B, (b) the Accommodation Log described in Section XI.C, and (c) any complaints received through the ORM/Hotline; and

7.      The Monitor shall prepare an annual report and exit report to the EEOC on Defendants' progress and compliance under this Decree.


## XIII.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF THE CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of their obligations under this Decree.

## XIV.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.


## XV.

## MISCELLANEOUS PROVISIONS

A.    During the term of this Consent Decree, Defendants shall provide any successor-in-interest or purchaser with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the effective date of any acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall inform the EEOC of same within a reasonable time thereafter.

B.    During the term of this Consent Decree, Defendants and their successors shall assure that each of its applicable affiliates, officers, managers, and supervisors, as appropriate, is aware of any term(s) of this Decree which may be related to their job duties.

C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered via email or overnight mail to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012 (anna.park@eeoc.gov).

D.    The Parties agree to entry of this Decree and judgment subject to final approval by this Court. All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

A.      The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a

copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1. The Defendant's EIN is: **86-2889081**

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Miguel (Mike) Ramirez
VP, Finance
The Venetian Resort Las Vegas
3355 Las Vegas Boulevard S, Las Vegas, NV 89109

2. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATE:  06/26/2025          By: _____

Anna Y. Park
Regional Attorney
E-Mail: anna.park@eeoc.gov

Attorney for Plaintiff EEOC

DLA Piper LLP (US)

DATE:  06/26/2025          By:  /s/ Brian S. Kaplan          .

Brian Kaplan
E-Mail: brian.kaplan@dlapiper.com
Holly Lake
E-Mail: holly.lake@dlapiper.com

Attorney for Defendant

EXECUTION COPY

1

## ORDER

2

3    **GOOD CAUSE APPEARING:**

4    The Court hereby finds that compliance with all provisions of the foregoing

5 Decree is fair and adequate.  The Court hereby retains jurisdiction for the term of

6 the foregoing Consent Decree, and the provisions thereof are hereby approved.

7

8    **IT IS SO ORDERED.**

9

10

11

12    Dated: July 1, 2025

ANDREW P. GORDON

13    CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28